UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIM NO: 4:22-CR-577-7 |
| JAKOBE ANDERSON | § | |

**MOTION TO DISMISS INDICTMENT AS TO DEFENDANT JAKOBE ANDERSON**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Jakobe Anderson moves to dismiss the Indictment as to him under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii)–(v), because: (1) the Indictment fails to allege sufficient, defendant-specific facts connecting him to the charged offenses; (2) numerous counts are duplicative or cumulatively charge the same conduct, risking double punishment and unfair prejudice; (3) the Indictment fails to provide adequate notice of the nature of the accusations as required by the Fifth and Sixth Amendments and Rule 7(c)(1); and (4) typographical errors and internal inconsistencies render critical counts facially defective. Dismissal is warranted where an indictment fails to state an offense with the requisite particularity and clarity. See Fed. R. Crim. P. 7(c)(1), 12(b)(3)(B); *Russell v. United States*, 369 U.S. 749, 763–64 (1962) (requiring "a plain, concise, and definite written statement of the essential facts" to enable preparation of a defense and to plead former

jeopardy); *United States v. Resendiz-Ponce*, 549 U.S. 102, 108–10 (2007) (indictment must fairly inform the defendant of the charge and its elements); *Hamling v. United States,* 418 U.S. 87, 117–18 (1974). Where, as here, counts rely on bare recitations and group pleading, dismissal is appropriate. See Russell, 369 U.S. at 770; *United States v. Cecil*, 608 F.2d 1294, 1296–97 (9th Cir. 1979) (dismissing conspiracy indictment lacking time, place, and nature of agreement). The Court may resolve these defects on the face of the Indictment. See *United States v. Kay*, 359 F.3d 738, 742–43 (5th Cir. 2004).

## ARGUMENT

**I.** ***The Indictment fails to allege sufficient, defendant-specific facts as to Mr. Anderson***

An indictment must allege the essential facts constituting the offense and provide sufficient particularity to apprise the defendant of what he must defend. *Russell*, 369 U.S. at 763–64; *Hamling*, 418 U.S. at 117–18. Conclusory, collective allegations that fail to link a defendant to specific conduct or elements are inadequate. *Cecil*, 608 F.2d at 1296–97; *United States v. Pirro*, 212 F.3d 86, 93–94 (2d Cir. 2000) (dismissing where essential factual allegation missing).

Here, the sprawling RICO conspiracy (Count One) relies heavily on group pleading and generic "FREE MONEY" narrative while attributing

discrete overt acts to other individuals, and it contains almost no particularized factual allegations describing Mr. Anderson's knowing agreement to conduct the enterprise's affairs through a pattern of racketeering, or his own commission or agreement that a conspirator would commit two predicate acts. Count One identifies numerous individuals by name but does not list Jakobe Anderson among the members in paragraphs 1 and 18, though it elsewhere lists him by name and alias in the case caption and later sections, creating ambiguity whether he is alleged as a Count One conspirator at all. The "Overt Acts" section spanning paragraphs 20–222 attributes dozens of specific shootings, robberies, drug transactions, and firearms conduct to other named defendants, but does not attribute any overt act to Jakobe Anderson. The absence of defendant-specific conduct is fatal to a RICO conspiracy count that already rests on broad generalities. See *Russell*, 369 U.S. at 770; Cecil, 608 F.2d at 1296–97.

Similarly, the VICAR counts (Counts Six, Eleven, Sixteen) and § 924(c) counts require factual allegations showing Mr. Anderson's purpose to gain entrance to or maintain or increase position in the enterprise and his knowing participation in the violent acts. The Indictment, however, does not allege any act by Mr. Anderson in furtherance of those attempted murders. Count Six charges Jcoi Barley and Terry Ardoin, not Jakobe Anderson.

Counts Eleven and Sixteen do not attribute acts to Jakobe Anderson; Count Eleven lists him among many names but pleads no facts describing his role, conduct, agreement, or mens rea as to the alleged attempt on C.S. Bare inclusion of a name in a list without concrete factual allegations is insufficient under Russell and Hamling.

The narcotics and firearms counts against Mr. Anderson (Counts Nine, Twelve, Thirteen, Eighteen) likewise fail to allege his personal conduct with the requisite specificity. Count Nine alleges, in the collective, that numerous defendants "attempt[ed] to possess with intent to distribute at least ten pounds of marijuana" on or about August 14, 2022, but does not allege any act by Mr. Anderson constituting a substantial step or aiding and abetting conduct (time, place, means, or role) unique to him. Count Twelve alleges possession of a machinegun by four named defendants, including Mr. Anderson, on August 14, 2022, but pleads no facts describing where, how, or by whom the firearm was possessed, or Mr. Anderson's knowledge that the firearm was a machinegun . See 18 U.S.C. § 922(o); *Staples v. United States*, 511 U.S. 600, 619 (1994) (knowledge as to characteristics). Count Thirteen alleges a § 924(c) violation "during and in relation to" a drug-trafficking crime on August 14, 2022, but again supplies no defendant-specific facts showing Mr. Anderson's use or carrying of a firearm, or the nexus to the predicate

offense as to him . See *United States v. Castro*, 843 F.2d 1012, 1015 (7th Cir. 1988) (indictment must set forth essential facts). Count Eighteen alleges a multi-year drug conspiracy, lists numerous controlled substances, and names many defendants including Mr. Anderson, but contains no quantity attribution specific to him beyond group foreseeability language, and pleads no personal acts, meetings, communications, or transactions by him over the eight-plus years alleged . See *United States v. Hsu*, 155 F.3d 189, 197–98 (3d Cir. 1998) (conspiracy indictment must allege essential facts of agreement).

Because these counts do not set forth essential facts constituting the offenses as to Mr. Anderson, they should be dismissed. Fed. R. Crim. P. 12(b)(3)(B)(iii); *Russell*, 369 U.S. at 770.

## II. *Duplicative or cumulative charging warrants dismissal of overlapping counts*

Indictments may not multiply counts that charge the same offense or the same conduct under different labels in a manner that risks double punishment and undue prejudice. See *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Ball v. United States*, 470 U.S. 856, 864–65 (1985) (vacatur of multiplicitous convictions). Where multiple counts rest on the same nucleus of operative facts without distinguishing elements as applied to the accused,

dismissal or election is appropriate. See *United States v. Woerner*, 709 F.3d 527, 538–40 (5th Cir. 2013).

Here, as to Mr. Anderson, the August 14, 2022, cluster improperly stacks overlapping theories without particularized factual distinctions:

- A. Count Eight (Hobbs Act conspiracy), Count Ten (Hobbs Act attempt),

- B. Count Nine (attempt to possess with intent to distribute marijuana),

- C. Count Eleven (VICAR attempted murder of C.S.), Count Fourteen (§ 924(c) during VICAR attempt),

- D. Count Twelve (§ 922(o) machinegun possession), and

- E. Count Thirteen (§ 924(c) during drug-trafficking crime) all arise from the same alleged August 14, 2022, episode and are pleaded in sweeping, undifferentiated fashion.

Without defendant-specific facts delineating separate agreements, distinct objectives, discrete firearms, or independent predicate acts as to Mr. Anderson, these counts are multiplicitous in effect and should be dismissed or, at minimum, require the government to elect. See *Ball*, 470 U.S. at 864–65; *Woerner*, 709 F.3d at 538–40.

### III. *The Indictment fails to provide adequate notice of the charges against Mr. Anderson*

The Fifth and Sixth Amendments require that an indictment inform the accused of the nature and cause of the accusation and contain the elements and essential facts with sufficient clarity to permit defense preparation and to plead double jeopardy. *Russell*, 369 U.S. at 763–64; *Hamling*, 418 U.S. at 117–18; Fed. R. Crim. P. 7(c)(1). Group pleading, internal inconsistencies, and omission of defendant-specific conduct deprive a defendant of notice. *Cecil*, 608 F.2d at 1296–97.

As applied to Mr. Anderson:

Count One's introductory and conspiracy paragraphs omit Mr. Anderson from the list of conspirators while later sections of the Indictment include his name in other counts, generating uncertainty whether he is charged in RICO at all. This ambiguity alone impairs notice on the most serious count.

Counts Eight through Fifteen list Mr. Anderson among long strings of names tied to the August 14, 2022, events but do not identify his role, actions, communications, locations, or means, nor any overt acts attributable to him on that date. The defense cannot ascertain which facts the government contends satisfy the elements as to him.

Count Twelve (§ 922(o)) does not identify the firearm's location, possession theory (actual vs. constructive), or facts establishing knowledge that the firearm was a machinegun, as to Mr. Anderson. See *Staples*, 511 U.S. at 619.

Such pleading deficiencies contravene *Russell* and Rule 7(c)(1). Dismissal is the appropriate remedy when the face of the indictment fails to provide constitutionally adequate notice. *Russell*, 369 U.S. at 770.

### IV. *Typographical errors and inconsistencies render key counts facially defective*

Facial defects that create material ambiguity or internal contradiction warrant dismissal. See *United States v. Hooker*, 841 F.2d 1225, 1230–31 (4th Cir. 1988) (*en banc*) (dismissing RICO count for failure to allege enterprise distinct from pattern); *United States v. Keith,* 605 F.2d 462, 464–65 (9th Cir. 1979) (indictment fatally defective where it failed to state essential elements clearly).

The Indictment contains multiple errors and inconsistencies that materially impair clarity:

Count One's notice of special sentencing factors (paragraph 223(d)) contains duplicate and inconsistent listings of names (e.g., "TERRELL DAVIS" listed twice; "DEREK BLAND" vs. "DERRICK BLAND";

"JYMONE MCCLENDON" vs. "JYMONTE MCCLENDON"; "MARK ATLEE" listed twice), and intermixes defendants in ways that obscure who is alleged to have conspired to distribute 280 grams or more of cocaine base.

Multiple counts referencing defendants' names contain misspellings and inconsistent identifications (e.g., "TRAVONTE ARDION" vs. "ARDOIN"), which recur in Counts Two through Five, Six through Seven, creating uncertainty as to the charged parties and acts .

The RICO count's listing of members in paragraphs 1 and 18 omits Mr. Anderson, while later counts include him; this inconsistency creates facial ambiguity whether Mr. Anderson is charged in Count One.

The case caption lists twenty defendants including "JAKOBE ANDERSON," but Count One's initial membership list excludes him, then Count Eighteen includes him, reflecting inconsistent charging decisions on the face of the pleading .

These errors are not trivial; they impede Mr. Anderson's ability to understand the charges and prepare a defense, and they risk variance at trial. See *Russell*, 369 U.S. at 770. The appropriate remedy is dismissal without prejudice so the

government can, if it chooses, seek a properly particularized superseding indictment. See Fed. R. Crim. P. 12(b)(3)(B).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Indictment as to Jakobe Anderson in its entirety. In the alternative, the Court should dismiss Count One and all August 14, 2022–related counts naming Mr. Anderson (Counts Eight through Fifteen), as well as Counts Twelve, Thirteen, and Eighteen as to him, for failure to allege essential, defendant-specific facts, for multiplicity, for inadequate notice, and for facial defects. Should any portion survive, Mr. Anderson respectfully requests a bill of particulars under Rule 7(f) specifying the factual basis, dates, locations, participants, and acts the government contends are attributable to him in each remaining count.

Dated: March 10, 2026.

Respectfully submitted,

By: */s/ Anthony P. Troiani*
Anthony P. Troiani
Texas Bar No. 00795914
Federal I.D.: 20607
ANTHONY P. TROIANI, P.C.
5020 Montrose Blvd., Suite 700
Houston, Texas 77006

Tel. (713) 520-7701

Fax. (713) 520-8612

Email: *anthony@troianilaw.com*

And

611 E. Washington St.

Brownsville, Texas 78520

Tel. (956) 541-4235

Fax. (956) 992-1086

*Attorney for Defendant*

**JAKOBE ANDERSONL**

## CERTIFICATE OF SERVICE

I, Anthony P. Troiani, Attorney for Defendant, JAKOBE ANDERSON hereby certifies that on this 10TH day of March 2026, a true and correct copy of the foregoing Motion for Continuance was served by email on:

Benjamin Hunter Brown

U.S. Department of Justice

1000 Louisiana St. Suite 2300

Houston, TX 77002

Email: **benjamin.brown@usdoj.gov**

*LEAD ATTORNEY ATTORNEY TO BE NOTICED*

*/s/ Anthony P. Troiani*
Anthony P. Troiani

## CERTIFICATE OF CONFERENCE

I have not spoken with the Assistant United States Attorney in charge of this case prior to the filing of this motion, this motion is being filed as an opposed motion.

*/s/ Anthony P. Troiani*
Anthony P. Troiani